UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MILES JANECKA | § | |
| | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. C-10-362 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## ORDER

Pending before the Court is Defendant United States of America's Motion to Transfer Venue. (D.E. 12.) Because Plaintiff failed to respond, the motion is deemed unopposed. L.R. 7.4. For the reasons stated herein, the Court GRANTS Defendant's Motion to Transfer Venue, (D.E. 12), and ORDERS that this case is transferred to the Eastern District of Virginia.

**I.   Jurisdiction**

The Court has admiralty and maritime jurisdiction over this case pursuant to the Jones Act, 46 U.S.C. § 30104, *et seq.* (formerly, 46 U.S.C. §688, *et seq.*), the Suits in Admiralty Act, 46 U.S.C. §§ 30901-30918, and the Public Vessels Act, 46 U.S.C. §§ 31101-31113.

**II.   Background**

Plaintiff Miles Janecka filed a complaint with this Court on November 15, 2010. (D.E. 1.) Plaintiff alleges that he was injured on January 26, 2009, while working as a QMED aboard the USNS POMEROY, a vessel owned by the United States and operated by the U.S. Military Sealift Command. (Id. at 2.) Plaintiff was allegedly injured while transferring from the vessel to a launch provided by the vessel for the purpose of transporting its crew to shore in the Port of Pusan, South Korea. (Id. at 2-3.) Plaintiff brought causes of action for negligence and unseaworthiness, asserting that the action was brought pursuant to the Jones Act, the Suits in

Admiralty Act, the Public Vessels Act, and the general admiralty and maritime law of the United States.  (Id. at 1.)

On January 18, 2011, Defendant United States of America filed this Motion to Transfer Venue pursuant to Fed. R. Civ. P. 12(b)(3) and the venue provisions of the PVA and the SSA.  (D.E. 12.)

Plaintiff failed to respond to the motion.  As such, it is deemed unopposed.  L.R. 7.4.

**III.     Discussion**

Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1404(a) authorize a court, upon suitable showing, to dismiss an action where venue in that court is improper.  Langton v. Cbeyond Commc'n, L.L.C., 282 F.Supp.2d 504, 508 (E.D.Tex. 2003).  Once a defendant raises a 12(b)(3) motion, the burden of sustaining venue lies with the plaintiff.  Id.  If there is no evidentiary hearing, a plaintiff may carry its burden by presenting facts, deemed to be true, that establish venue.  Id.  Courts will accept uncontroverted facts in a plaintiff's pleadings as true, and will resolve any conflicts in the plaintiff's favor.  Id.

In his complaint, Plaintiff alleges that "[v]enue is proper in this district pursuant to Title 46 U.S.C. § 782, because the United Stated vessel made the basis of this lawsuit may be found in the Port of Corpus Christi, Texas." (D.E. 1 at ¶ 1.)  In the Motion to Transfer Venue, Defendant argues that this statement of venue is improper because the vessel was in fact not located in Corpus Christi, Texas on the date the lawsuit was filed and, indeed, has never been located in the Southern District of Texas.  (D.E. 12 at 4.)  According to Defendant, the venue provision in the Public Vessels Act controls in this case, and requires that the lawsuit be filed in the district in which Plaintiff resides: namely, the Eastern District of Virginia.  (Id. at 4-6.)

As an initial matter, the Court finds that Plaintiff's case falls squarely under the Public Vessels Act ("PVA").  The PVA creates a limited waiver of sovereign immunity, providing that a suit may be brought against the United States in admiralty for damages and injuries caused by a public vessel of the United States.  46 U.S.C. § 31102(a)(1).  Section 30904 of the PVA provides that "[i]f a remedy is provided by this chapter, it shall be *exclusive* of any other action arising out of the same subject matter against the officer, employee, or agent of the United States or the federally-owned corporation whose act or omission gave rise to the claim."  § 30904 (emphasis added).

In his complaint, Plaintiff alleges that he was injured while working aboard the USNS POMEROY, a vessel owned by the United States, due to the alleged negligence of its personnel.  (D.E. 1 at 2.)  Thus, Plaintiff's injury was caused by a public vessel of the United States within the meaning of the PVA.  See § 31102(a)(1); see also Canadian Aviator v. U.S., 324 U.S. 215, 224 (1945) ("The use of the phase 'caused by a public vessel' constitutes an adoption by Congress of the customary legal terminology of the admiralty law which refers to the vessel as causing the harm although the actual cause is the negligence of the personnel in the operation of the ship."); Farnum v. S/S Oslofjord, 220 F. Supp. 199, 204 (S.D.N.Y. 1963) (clarifying that the liability of a vessel *in rem* recognized in Canadian Aviator "was predicated upon the negligence of the ship's personnel in the operation of the offending vessel.")

The PVA's venue provision provides, in relevant part, that a civil action under the Act shall be brought in the district court of the United States for the district in which the vessel or cargo is found, see § 31104(a), or, if the vessel or cargo is outside the territorial waters of the United States, in the district court of the United States for any district in which any plaintiff

resides or has an office for the transaction of business, see § 31104(b)(1).[1]   A public vessel is "found" by being physically present in the district at the time of filing the complaint.  See Sherman v. United States, 246 F. Supp. 547, 548 (W.D. Mich. 1965) (analyzing issue of venue under the PVA based on where vessel was moored at the time of filing suit.); Simonowycz v. United States, 125 F. Supp. 847, 848 (D. Ohio 1954) (same).

The Suits in Admiralty Act (SSA's) venue provision is somewhat more liberal, providing that a civil action under the SSA may be brought in the district court of the United States for the district in which the plaintiff resides *or* where the vessel or cargo is found.  See § 30906.  However, the PVA explicitly provides that wherever there is inconsistency between the PVA and the SSA, the PVA controls.  See § 31101 ("A civil action under this chapter is subject to the provisions of chapter 309 of this title [Suits in Admiralty Act] except to the extent inconsistent with this chapter.")

In addition, the Supreme Court has established that a plaintiff may not avoid the more restrictive requirements for claims against a public vessel under the PVA by pleading alternative jurisdiction under the more liberal provisions of the SSA.  See U. S. v. Continental Tuna Corp., 425 U.S. 164, 168, 96 S. Ct. 1319, 1322, 47 L. Ed. 2d 653 (1976) ("[T]he 1960 amendment to the Suits in Admiralty Act (allowing suit against any government vessel where proceedings against private vessels would be allowed) contains no language expressly permitting claims previously governed by the Public Vessels Act to be brought under the Suits in Admiralty Act, free from the restrictive provisions of the Public Vessels Act.")

Thus, in this case, venue is proper in the district in which the vessel or cargo is found or, if the vessel or cargo is outside the territorial waters of the United States, in any district in which

---

[1] In his complaint, Plaintiff alleged that venue is proper pursuant to Title 46 U.S.C. § 782. However, as Defendant points out in its motion, Plaintiff cites here to an obsolete section of the PVA, which was revised and renumbered on October 6, 2006.  See Pub. L. No. 109-305.

the Plaintiff resides. See § 31104. Defendant contends that the USNS POMEROY is not and has never been located in the Southern District of Texas, and that, as of the time the complaint was filed, the vessel was located outside the territorial waters of the United States. (D.E. 12 at 4.) Plaintiff has not responded to these allegations. Plaintiff's failure to respond must be taken as a representation of no opposition. See L.R. 7.4. As such, the Court assumes that the USNS POMEROY is located outside this district and outside the territorial waters of the United States for purposes of establishing venue under the PVA.

The complaint establishes that Plaintiff resides in Suffolk County, Virginia. (D.E. 1 at 1.) Accordingly, the Court grants Defendant's Motion to Transfer Venue and transfers this case to the Eastern District of Virginia pursuant to the venue provision of the PVA, 46 U.S.C. § 31104(b)(1).

**IV.   Conclusion**

For the reasons stated above, the Court GRANTS Defendant's Motion to Transfer Venue, (D.E. 12), and ORDERS that this case is transferred to the Eastern District of Virginia.

SIGNED and ORDERED this 10th day of February, 2011.

_____
Janis Graham Jack
United States District Judge